UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION No. 3:16cv34 CWR-FKB |
| THIRD COAST TOWING, LLC, GREAT AMERICAN INSURANCE, AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| NATURE'S WAY MARINE, LLC AND ENVIRONMENTAL POLLUTION GROUP, LLC | COUNTER-PLAINTIFFS |
| V. | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD, NATIONAL POLLUTION FUNDS CENTER AND OIL SPILL LIABILITY TRUST FUND | COUNTER-DEFENDANTS |
| AND | |
| NATURE'S WAY MARINE, LLC | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |

**ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF NATURE'S WAY MARINE, LLC AGAINST THE UNITED STATES, AND CROSS-CLAIM AGAINST THIRD COAST TOWING, LLC**

Defendant, Counter-plaintiff and Cross-claimant, Nature's Way Marine, LLC ("Nature's Way"), file this its Answer and Affirmative Defenses to the Complaint of the United States of America ("Plaintiff"), its Counterclaim, and its Cross-claim as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Nature's Way upon which relief can be granted.

**SECOND DEFENSE**

Under the Federal Water Pollution Control Act, also known as the Clean Water Act, 33 U.S.C. § 1251, *et seq.* ("CWA"), as amended by the Oil Pollution Act of 1990 ("OPA"), the liability of Nature's Way is limited to $854,400.00. *See* 33 U.S.C. § 2704(a)(2); 33 C.F.R. § 138.200, *et seq.*

**THIRD DEFENSE**

Nature's Way has paid removal costs in excess of its limits of liability under OPA, and is entitled to set-off or abatement against any amounts claimed by the Plaintiff for removal costs and/or damages associated with the alleged discharge. 33 U.S.C. § 2708.

**FOURTH DEFENSE**

Nature's Way is entitled to an abatement or set-off of the claim of $792,868.98 by the Plaintiff United States of America.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate any or all of the alleged items of removal costs and/or damages, which were excessive.

**SIXTH DEFENSE**

If Nature's Way is liable, it is entitled to exoneration from liability under the Federal Water Pollution Control Act, also known as the Clean Water Act, 33 U.S.C. § 1251, *et seq.* ("CWA"), as amended by the Oil Pollution Act of 1990 ("OPA").

### SEVENTH DEFENSE

If Nature's Way is liable, it is entitled to exoneration from liability and alternatively limitation of liability under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

### EIGHTH DEFENSE

If Nature's way is liable, it cannot be jointly and severally liable with the other defendants under the CWA, OPA or any other applicable laws or regulations.

### NINTH DEFENSE

Any discharge was caused solely by an act or omission of a third party, as contemplated under CWA, 33 U.S.C. § 2703 (a).

### TENTH DEFENSE

Any discharge was caused solely by an Act of God, as contemplated under CWA, 33 U.S.C. § 2703(a).

### ELEVENTH DEFENSE

With respect to Plaintiff's claim of civil penalties under the CWA, no such penalties are appropriate under the applicable law and circumstances of the alleged discharge.

### TWELFTH DEFENSE

Nature's Way is not an "operator" of the barge MOC-12 as that term is defined under the Oil Pollution Act of 1990.

And now further answering, Nature's Way answers the Complaint paragraph by paragraph as follows:

1. Paragraph 1 is denied.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied for lack of knowledge or information sufficient to justify a belief therein.

6. Paragraph 6 is denied for lack of knowledge or information sufficient to justify a belief therein.

7. Paragraph 7 is denied for lack of knowledge or information sufficient to justify a belief therein.

8. Paragraph 8 is admitted.

9. Paragraph 9 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

10. Paragraph 10 is denied for lack of knowledge or information sufficient to justify a belief therein.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted to the extent it alleges a towage agreement but otherwise the towage agreement speaks for itself.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

17. Paragraph 17 is admitted.

18. Paragraph 18 is denied for lack of knowledge or information sufficient to justify a belief therein.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is admitted.

24. Paragraph 24 is denied for lack of knowledge or information sufficient to justify a belief therein.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted.

27. Paragraph 27 is admitted.

28. Paragraph 28 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

29. Paragraph 29 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

30. Paragraph 30 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

31. Paragraph 31 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

32. Paragraph 32 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

33. Paragraph 33 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

34. Paragraph 34 is denied for lack of knowledge or information sufficient to justify a belief therein.

35. Paragraph 35 is denied for lack of knowledge or information sufficient to justify a belief therein.

36. Paragraph 36 is denied for lack of knowledge or information sufficient to justify a belief therein.

37. Paragraph 37 is admitted to the extent an order was issued to Nature's Way after the incident, the content of the order which speaks for itself.

38. Paragraph 38 is admitted to the extent a notice was issued to Nature's Way after the incident, the content of the notice which speaks for itself.

39. Paragraph 39 is admitted with respect to Nature's Way, but denied as to any other parties for lack of knowledge or information sufficient to justify a belief therein.

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted.

42. Paragraph 42 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

43. Paragraph 43 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

44. Paragraph 44 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

45. Paragraph 45 is admitted as to Nature's Way, but denied as to any other parties for lack of knowledge or information sufficient to justify a belief therein.

46. Paragraph 46 is denied for lack of knowledge or information sufficient to justify a belief therein.

47. Paragraph 47 is denied for lack of knowledge or information sufficient to justify a belief therein.

48. Paragraph 48 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

49. Paragraph 49 is denied for lack of knowledge or information sufficient to justify a belief therein.

50. Paragraph 50 is denied for lack of knowledge or information sufficient to justify a belief therein and is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

51. Paragraph 51 is denied for lack of knowledge or information sufficient to justify a belief therein.

52. Paragraph 52 is denied for lack of knowledge or information sufficient to justify a belief therein.

53. Paragraph 53 is admitted as Nature's Way received a Notice of Potential Liability, which Notice otherwise speaks for itself.

54. Paragraph 54 is denied for lack of knowledge or information sufficient to justify a belief therein.

55. Paragraph 55 is denied for lack of knowledge or information sufficient to justify a belief therein.

56. Paragraph 56 is denied for lack of knowledge or information sufficient to justify a belief therein.

57. Paragraph 57 is denied.

58. Paragraph 58 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

59. Paragraph 59 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied for lack of knowledge or information sufficient to justify a belief therein.

64. Paragraph 64 is denied.

65. Paragraph 65 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

66. Paragraph 66 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

67. Paragraph 67 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

68. Paragraph 68 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied for lack of knowledge or information sufficient to justify a belief therein.

71. Paragraph 71 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

72. Paragraph 72 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

73. Paragraph 73 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

74. Paragraph 74 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

75. Paragraph 75 is a conclusion of law requiring no answer but to the extent an answer is required it is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

WHEREFORE, the Court should dismiss all claims against Nature's Way with prejudice and award to Nature's Way its costs and attorneys' fees and any other relief which the Court deems fit and proper.

## COUNTERCLAIM

Pursuant to Rule 13, Federal Rules of Civil Procedure, Nature's Way Marine, LLC ("Nature's Way") and Environmental Pollution Group, LLC ("EPG") file this counterclaim against the United States, the United States Department of Homeland Security, the United States Coast Guard, the National Pollution Funds Center, and the Oil Spill Liability Trust Fund as follows:

**Parties**

1. Counter-plaintiff and defendant Nature's Way is a limited liability company created under the laws of the State of Alabama with its principal place of business in Alabama.

2. EPG is a limited liability company formed under the laws of the State of Connecticut with its principal place of business in Connecticut. EPG is a pollution liability insurer of Nature's Way.

3. Counter-defendant United States of America is named as sovereign, *eo momine*.

4. Counter-defendant United States Department of Homeland Security is one of the executive departments of the United States of America.

5. Counter-defendant United States Coast Guard is a subcomponent or agency within the United States Department of Homeland Security, one of the executive departments of the United States of America.

6. Counter-defendant National Pollution Funds Center ("NPFC") is a subordinate unit of the United States Coast Guard that administers the Oil Spill Liability Trust Fund established by 26 U.S.C. § 9509.

7. Counter-defendant Oil Spill Liability Trust Fund ("Fund") was established by Congress pursuant to 26 U.S.C. § 9509.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 2717(b) (CWA as amended by the Oil Pollution Act of 1990), and 5 U.S.C. § 704 (Administrative Procedures Act). The Court also has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a) because it so related to claims in the original action that they form part of the same case or controversy.

9. Venue is proper in this Court for this counterclaim.

### Summary of the Claim for Recovery and Set-Off Against Counter Defendants

10. Nature's Way and EPG are entitled to equitable and declaratory relief because of the NPFC's denial of Nature's Way's claim for removal costs in excess of the statutory limitation of $854,400.00, and for abatement, or in the alternative set-off, of the amounts claimed by the United States for removal costs paid by the NPFC as set forth in its Complaint.

11. Nature's Way, as a Responsible Party as defined under the OPA, and EPG, assert a claim under the OPA for reimbursement and request for set–off or abatement to recover from the Fund any amounts in excess of those removal costs paid by Nature's Way and EPG (on behalf of Nature's Way) over and above the limitation of liability on Nature's Way's vessel, the NATURE'S WAY ENDEAVOR (Official No. 53290) (The "ENDEAVOR"), as set forth under OPA.

12. On May 22, 2015, pursuant to statutory and regulatory requirements/guidelines under the OPA, Nature's Way and EPG submitted their Claim for Reimbursement and Request for Abatement to the NPFC in accordance with the relevant provisions of the OPA, 33 U.S.C. §§ 2708 and 2713, and 33 C.F.R. § 136.103(b)(2), *et seq.*, and they submitted a supplemental filing with the NPFC on July 31, 2015 (hereafter referred to as the "Claim"). A true and correct copy of the May submission is attached hereto as Appendix A, and a true and correct copy of the July submission is attached hereto as Appendix B.

13. The Director of the NPFC failed to make a final disposition of the Claim within six months after it was filed. Accordingly, in accordance with 33 C.F.R. § 136.115(c), the Claim is deemed denied on or about November 23, 2015 based on the failure of the Director of the NPFC to act on it.

14. Nature's Way and EPG elect to have their claims deemed denied finally under applicable law and regulations. Therefore, because the NPFC is deemed to have finally denied

their claim, Nature's Way and EPG are entitled to judicial review of the NPFC denial under the Administrative Procedures Act, 5 U.S.C. § 704, because the denial is a final agency action for which there is no adequate remedy.

15. On March 16, 2016, long after the passage of the allowed six-month decision period, after the claimants had already decided to elect to treat their NPFC claim as denied, **and after the United States filed its Complaint in this action, the NPFC purported to deny counter-claimants' claim for reimbursement and set-off or abatement.** The "denial" is biased and constitutes post ad hoc rationale in this case, rather than reasoned agency decision-making, and is not entitled to judicial deference.

16. The NPFC's deemed denial of the Claim by Nature's Way and EPG was arbitrary, capricious, an abuse of discretion and not in accordance with law as set forth in 5 U.S.C. § 706(2)(A), and unwarranted by the facts to the extent that the facts are subject to trial *de novo* by this Court as set forth in 5 U.S.C. § 706(2)(F). Appendix A exhibits the arbitrariness and capriciousness of the NPFC denying the Claim of Nature's Way and EPG.

17. The Court has the power and jurisdiction under 5 U.S.C. § 706 to hold the NPFC's denial of the Claim to be unlawful and order Counter-Defendants to award Nature's Way and EPG reimbursement from the Fund in the amount of any and all costs of not less than $2,138,382.15 and set-off or abate the claim of the United States for $792,868.98. Further the Court may grant equitable and declaratory relief as requested herein.

**Background and Facts**

18. On January 27, 2013 at approximately 0320, the tug ENDEAVOR was proceeding southbound on the Lower Mississippi River pushing tank barges MOC 15 and MOC 12 when the tow struck the Vicksburg Rail Bridge, resulting in damage to and discharge of crude oil from barge MOC 12. Nature's Way Marine, LLC, the owner of the ENDEAVOR, was

designated by the Coast Guard as a "Responsible Party" pursuant to the OPA. Nature's Way immediately responded to this incident and successfully completed removal and clean-up operations, in full coordination and cooperation with the Coast Guard and the Unified Command and in consultation with the Federal On-Scene Coordinator.

19. Neither the amounts of the expenses incurred nor the fact that they were paid by pollution underwriters on behalf of Nature's Way are in dispute. Nature's Way and its underwriters paid removal costs in excess of the OPA limit for the ENDEAVOR and successfully completed removal as ordered by the Coast Guard. Accordingly, this is a claim to recover the balance of removal costs in excess of Nature's Way's OPA limit of liability.

**Nature's Way and EPG Meet OPA's Requirements for Recovery from the Fund**

20. Nature's Way and EPG meet the requirements of OPA to limit liability and obtain reimbursement of any and all pollution related expenses over and above the limitation amount of the Endeavor.

21. On May 12, 2014, Nature's Way received a Notice of Designation from the United States Coast Guard identifying it as a "Responsible Party" of the incident at issue under OPA, and further identifying the ENDEAVOR as a source of pollution. A copy of this correspondence is attached hereto as Exhibit 3 to Appendix A. Pursuant to 33 U.S.C. § 2702, a Responsible Party is strictly liable for all costs incurred and damages suffered as a result of an oil pollution event.

22. Pursuant to 33 U.S.C. § 2708, a Responsible Party such as Nature's Way may limit its liability upon meeting the conditions set forth by 33 U.S.C. § 2704. In order to limit liability pursuant to §§ 2702 and 2704 of the OPA, the party limiting its liability must: (a) not have acted with gross negligence or willful misconduct; (b) not violated a regulation governing navigation of the vessel in question; and (c) report the incident as required by law, provide all

reasonable cooperation and assistance to the Coast Guard, and comply with orders issued by the Cast Guard under the OPA. In addition, the statute provides for a calculation of limitation amounts.

23. Nature's Way did not act with either gross negligence or willful misconduct with respect to the circumstances giving rise to this incident. There is no evidence to support such a conclusion.

24. Immediately after the allision, the Master of the vessel took appropriate and effective actions to mitigate further risk and/or damage.

25. There is no evidence suggesting that the Master was incapacitated in any way, or that he acted willfully to cause the allision.

26. No notice of violation, with respect to navigation or otherwise, was issued in connection with this incident.

27. No regulation governing navigation is applicable to the circumstances of this case.

28. The discharge at issue was immediately reported by Nature's Way to the Coast Guard and other authorities.

29. Nature's Way provided all reasonable cooperation and assistance immediately following the incident, took immediate action to contain and remediate the pollution event and have paid all associated costs, and ensured and accomplished efficient and effective removal of the discharge and fulfilling all statutory and regulatory requirements.

30. Because the ENDEAVOR is an uninspected towing vessel of 309 gross tons and is not a tank vessel, it has an applicable liability limit of $854,400.00 in accordance with 33 U.S.C. § 2704 (a)(2) and 33 C.F.R. § 138.210, *et seq*.

31. Considering the foregoing, Nature's Way and EPG are entitled to the statutory limitation of liability of $854,400.00 pursuant to 33 U.S.C. § 2704.

**Recovery from the National Pollution Funds Center and the Fund**

32. Pursuant to 33 U.S.C. §§ 2708, 2713, Nature's Way and EPG are entitled to reimbursement by the Counter-defendants of sums paid in excess of the legal liability limit of $854,400.00 as established above. 33 U.S.C. § 2708. *See also* 33 C.F.R. § 138.210, *et seq*.

33. Nature's Way's and EPG's damages are measurable and result from the discharge or substantial threat of discharge of oil into navigable waters of the United States or the adjacent shoreline, as described by OPA. Nature's Way, and EPG on behalf of Nature's Way, have incurred removal expenses associated with this incident in the amount of not less than $2,992,782.15.

34. Because these expenses are in excess of $854,400.00 and are the types of compensable activities contemplated by OPA, Nature's Way and EPG are entitled to reimbursement of any and all sums paid in excess of the OPA limit of liability of the ENDEAVOR.

35. Pursuant to 33 CFR § 136.111, Nature's Way disclosed its marine pollution insurance policy for insured Nature's Way and the ENDEAVOR, which is Environmental Pollution Group, LLC Policy No. 05902-06 for the policy period 22 March 2012 to 22 March 2013, by and on behalf of certain underwriters at Lloyd's of London, and all other necessary documentation and information as required by OPA for such a reimbursement claim. No further information was either required or requested by the NPFC and the NPFC accepted the claim documentation as complete. A copy of the referenced policy is attached hereto as Exhibit 6 to Appendix A.

36. In addition to the affirmative request for reimbursement set forth above, Nature's Way and EPG are entitled to an abatement, or alternatively set-off, in the amount of $792,868.98 relative to expenses allegedly incurred by the United States Coast Guard following the incident. On May 12, 2014 and April 23, 2015, the NPFC transmitted to Nature's Way a demand for $792,868.98 in expenses allegedly incurred by the United States Coast Guard in response to the incident, attached as Exhibits 3 and 16 to Appendix A. As set forth above, Nature's Way, and its underwriters, are entitled to limit their liability pursuant to the OPA and the relevant limitation threshold has been reached. Nature's Way and EPG are therefore entitled to a set-off or abatement of the $792,868.98 claim by the NPFC on behalf of the United States Coast Guard.

37. Nature's Way and EPG are entitled to reimbursement by the NPFC of sums paid in excess of the legal liability limit of $854,400.00 pursuant to 33 U.S.C. §§ 2708 and 2713, and 33 C.F.R. § 138.200, *et seq*. Nature's Way and EPG have incurred removal costs associated with this incident in the amount of not less than $2,992,782.15. Accordingly, Nature's Way and EPG are entitled to reimbursement for pollution prevention and removal costs and related expenses in the amount of not less than $2,138,382.15, which sum represents the total related expenditures of not less than $2,992,782.15 minus the applicable statutory limitation of liability in the amount of $854,400.00, and abatement of the $792,868.98 claim by the NPFC on behalf of the United States Coast Guard made against Nature's Way Marine.

38. We ask that this Honorable Court hold that NPFC's denial of the Claim for Reimbursement and Request for Abatement by Nature's Way and EPG was (1) arbitrary, capricious, an abuse of discretion and not in accordance with law as set forth in 5 U.S.C. § 706 (2)(A) and/or (2) unwarranted by the facts to the extent that the facts are subject to trial de novo by this Court as set forth in 5 U.S.C. § 706 (2)(F).

39. Pursuant to 5 U.S.C. § 706, we ask this Honorable Court to hold that the NPFC's denial of the Claim was unlawful and order Counter-Defendants to award Nature's Way and EPG reimbursement from the Fund in the amount of not less than $2,138,382.15 and abate or set-off the claim of the United States for $792,868.98.

**Relief Requested**

Nature's Way and EPG request the following relief:

(a) Judgment in favor of Nature's Way and EPG against Counter-Defendants in the amount of $2,138,382.15 to be paid out of the Fund;

(b) Judgment that the claim of the United States against Nature's Way for $792,868.98 be abated, or in the alternative, off-set against the removal costs of not less than $2,992,782.15, and enter judgment in favor of Nature's Way and EPG in the amount of not less than $2,138,382.15, to be paid out of the Fund;

(c) Alternatively, should judgment be entered in favor of the United States for $792,868.98 for recovery of clean-up costs, we ask this Honorable Court to enter judgment in favor of Nature's Way and EPG against Counter-Defendants in the amount of not less than $2,931,251.13, and order that $792,868.98 be reimbursed to Nature's Way and EPG from the Fund.

(d) That this Honorable Court grant a trial *de novo* as set out above.

(e) That this Honorable Court award Nature's Way and EPG any and all other relief to which it is entitled.

WHEREFORE, the Court should dismiss and abate the claims of the United States of America against Nature's Way and award to Nature's Way all relief sought in their Counterclaim against Counter-Defendants.

# CROSS-CLAIM

Pursuant to Rule 13, Federal Rules of Civil Procedure, Nature's Way Marine, LLC (Nature's Way") files this cross-claim against Third Coast Towing, LLC as follows:

## Parties

1. Cross-claimant and defendant Nature's Way is a limited liability company created under the laws of the State of Alabama with its principal place of business in Alabama.

2. Cross-defendant Third Coast Towing, LLC ("Third Coast") is a limited liability company created under the laws of the State of Texas with its principal place of business in Corpus Christi, Texas.

## Jurisdiction and Venue

3. This Court has supplemental jurisdiction over this cross-claim pursuant to 28 U.S.C. § 1367(a) because it so related to claims in the original action that they form part of the same case or controversy.

4. Venue is proper in this Court for this cross-claim.

## Summary of the Claim

5. Nature's Way is entitled to equitable and declaratory relief because of Third Coast entered into a settlement agreement with Nature's Way precluding Third Coast from making any further claims of recovery for costs, expenses and/or damages arising out of the incident. Appendix C hereto is a redacted copy of the Receipt, Release, Indemnification and Assignment Agreement entered into between Third Coast, Nature's Way and Atlantic Specialty Insurance Company entered into on or about March 23, 2015 (the "Settlement Agreement"). A redacted copy is attached because of a confidentiality provision in the Settlement Agreement.

6. Nature's Way and Third Coast, on its behalf and that of its insurers, entered into the Settlement Agreement in order to completely settle and resolve all claims, losses and

damages of any kind between the Parties arising out of the spill, cleanup and salvage efforts for the MOC 12 and the incident that occurred on or about January 29, 2013 when the barges, MOC 12 and MOC 15, being towed by the ENDEAVOR, allied with the Vicksburg River Bridge.

### Background and Facts

7. Nature's Way reiterates all the background and facts as set forth above in its Counterclaim against the United States and the provisions in the Settlement Agreement.

### Relief Requested

8. Should this Honorable Court find that Third Coast individually, or Third Coast and Nature's Way together, are liable to the United States for removal costs, we ask that this Honorable Court hold that Third Coast and its insurers are precluded from asserting any claim against Nature's Way for recovery of any sums that Third Coast and its insurers are found owing to the United States.

WHEREFORE, we ask this Honorable Court to award to Nature's Way all relief sought in its Cross-claim against Cross-Defendant.

THIS 17th day of March 2016.

                                                Respectfully submitted,

                                                NATURE'S WAY MARINE, LLC
                                                and ENVIRONMENTAL POLLUTION
                                                GROUP, LLC

                                                By Their Attorneys,
                                                JONES WALKER LLP

                                                By:  */s/ Neville H. Boschert*
                                                          Neville H. Boschert

Neville H. Boschert (MSB No. 3697)
JONES WALKER LLP
190 E. Capitol Street, Suite 800 (39201)
P.O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
nboschert@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing pleading upon counsel of record by filing in this Court's CM/ECF system.

This 17th day of March 2016.

*/s/ Neville H. Boschert*
Neville H. Boschert