# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION No. 3:16cv34CWR-FKB |
| THIRD COAST TOWING, LLC, GREAT AMERICAN INSURANCE AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | THIRD PARTY PLAINTIFF |
| V. | |
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION & INDEMNITY ASSOCIATION, INC. (THE AMERICAN CLUB) | THIRD PARTY DEFENDANT |

**GREAT AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT OF THE UNITED STATES
OF AMERICA, CROSS-CLAIM AGAINST THIRD COAST TOWING, LLC,
<u>AND THIRD PARTY COMPLAINT AGAINST THE AMERICAN CLUB</u>**

Defendant, Cross-Claimant, and Third Party Plaintiff Great American Insurance Company ("GAIC"), though undersigned counsel, files its Answer and Affirmative Defenses to the Complaint of the United States of America (the "U.S." or "Plaintiff"), its Cross-Claim, and its Third Party Complaint, as follows:

## ANSWER

GAIC answers the Complaint, paragraph by paragraph:

## NATURE OF THE ACTION[1]

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. The allegations in Paragraph 5 are admitted upon information and belief except that GAIC is without sufficient information to admit or deny the allegations regarding Third Coast's current principal place of business.

6. On present information and belief, GAIC admits that the MOC 12 weighs 1,631 gross tons. At this time, GAIC is without sufficient information to admit or deny the remainder of the allegations in paragraph 6.

7. On present information and belief, GAIC denies that the MOC 15 weighs 1,987 gross tons. At this time, GAIC is without sufficient information to admit or deny the remainder of the allegations in paragraph 6.

8. Admitted.

9. The allegations in paragraph 9 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

---

[1] For ease of reference, this Answer incorporates the headings that appear in the Complaint. The use of those headings is not an admission that any allegation in the Complaint is true or that any legal conclusion is well-founded.

10. The first sentence of paragraph 10 is admitted. The second sentence of paragraph 10 is admitted upon information and belief. The third sentence of paragraph 10 consists of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations.

11. GAIC is without sufficient information to admit or deny the allegations in paragraph 11.

12. GAIC is without sufficient information to admit or deny the allegations in paragraph 12.

13. GAIC is without sufficient information to admit or deny the allegations in paragraph 13.

14. The towage agreement speaks for itself. To the extent the allegations in paragraph 14 are inconsistent with or are an incomplete summary of the towage agreement, GAIC denies the allegations.

15. Admitted upon information and belief.

16. Admitted upon information and belief.

17. Admitted upon information and belief.

18. GAIC is without sufficient information to admit or deny the allegations in paragraph 18.

19. Admitted upon information and belief.

20. Admitted upon information and belief.

21. Admitted upon information and belief.

22. Admitted upon information and belief.

23. GAIC is without sufficient information to admit or deny the allegations in paragraph 23.

24. GAIC is without sufficient information to admit or deny the allegations in paragraph 24.

25. GAIC is without sufficient information to admit or deny the allegations in paragraph 25.

26. GAIC is without sufficient information to admit or deny the allegations in paragraph 26.

27. GAIC is without sufficient information to admit or deny the allegations in paragraph 27.

28. The allegations in paragraph 28 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

29. The allegations in paragraph 29 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

30. The allegations in paragraph 30 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

31. The allegations in paragraph 31 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

32. The allegations in paragraph 32 consists of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

33. The allegations in paragraph 33 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, upon information and belief, GAIC admits that Nature's Way was operator of the vessels at issue and that Third Coast was the owner of MOC 12 and MOC 15, but otherwise denies any other allegations in paragraph 33.

34. GAIC is without sufficient information to admit or deny the allegations in paragraph 34.

35. GAIC is without sufficient information to admit or deny the allegations in paragraph 35.

36. GAIC is without sufficient information to admit or deny the allegations in paragraph 36.

37. GAIC is without sufficient information to admit or deny the allegations in paragraph 37.

38. GAIC is without sufficient information to admit or deny the allegations in paragraph 38.

39. GAIC admits that the NPFC notified it of its potential liability; GAIC is without sufficient information to admit or deny the remainder of the allegations in paragraph 39.

40. GAIC is without sufficient information to admit or deny the allegations in paragraph 40.

41. GAIC is without sufficient information to admit or deny the allegations in paragraph 41.

42. The allegations in paragraph 42 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

43. The allegations in paragraph 43 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

44. The allegations in paragraph 44 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

45. GAIC denies that USES submitted a claim for $231,001.49 to GAIC. GAIC is without sufficient information to admit or deny the remainder of the allegations in paragraph 45.

46. GAIC is without sufficient information to admit or deny the allegations in paragraph 46.

47. The allegations in paragraph 47 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

48. The allegations in paragraph 48 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

49. GAIC is without sufficient information to admit or deny the allegations in paragraph 49.

50. The allegations in paragraph 50 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

51. GAIC is without sufficient information to admit or deny the allegations in paragraph 51.

52. GAIC is without sufficient information to admit or deny the allegations in paragraph 52.

53. GAIC is without sufficient information to admit or deny the allegations in paragraph 53.

54. Admitted.

55. GAIC admits that it received a letter from the NPFC dated April 23, 2015. That letter speaks for itself. GAIC is without sufficient information to admit or deny the remainder of the allegations in paragraph 55.

56. The allegations in the first sentence of paragraph 56 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves. The allegations in the second sentence of paragraph 56 do not appear to be directed to GAIC. To the extent a response is required, GAIC admits only that the United States is asserting a claim and denies any other allegations contained in the second sentence of this paragraph.

57. The allegations in paragraph 57 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

58. The allegations in paragraph 58 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

59. The allegations in paragraph 59 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

60. The allegations in paragraph 60 do not appear to be directed to GAIC. To the extent a response is required, GAIC admits only that the United States is asserting the claim and denies any other allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

61. GAIC incorporates by reference its responses to the preceding paragraphs.

62. Denied.

63. GAIC admits it has not paid removal costs that equal or exceed the limits of its COFR. GAIC denies the remainder of the allegations in paragraph 63 because those allegations consist of a legal conclusion or because GAIC is without sufficient information to admit or deny the allegations.

## SECOND CLAIM FOR RELIEF

### Civil Penalties for Violations of CWA Section 311(b)(3) – Oil Spill

64. GAIC incorporates by reference its responses to the preceding paragraphs.

65. The allegations in paragraph 65 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

66. The allegations in paragraph 66 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

67. The allegations in paragraph 67 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

68. The allegations in paragraph 68 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

69. Upon information and belief, GAIC admits that Nature's Way was the operator in charge of the vessel from which oil was discharged. GAIC denies the remainder of the allegations in paragraph 69 because those allegations consist of a legal conclusion or because GAIC is without sufficient information to admit or deny the allegations.

70. Upon information and belief, GAIC admits that Third Coast was the owner of the vessel from which oil was discharged at the time of the discharge. GAIC denies the remainder of the allegations in paragraph 70 because those allegations consist of a legal conclusion or because GAIC is without sufficient information to admit or deny the allegations.

71. The allegations in paragraph 71 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

72. The allegations in paragraph 72 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

73. GAIC admits the second sentence of paragraph 73, but the remaining allegations in paragraph 73 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

74. The allegations in paragraph 74 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

75. The allegations in paragraph 75 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

76. The allegations in paragraph 76 consist of a legal conclusion that requires no response from GAIC. To the extent a response is required, GAIC denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

## PRAYER FOR RELIEF

GAIC denies that Plaintiff is entitled to any of the relief sought from GAIC in paragraphs 77 through 80 of the Complaint, and lacks knowledge of information sufficient to form a belief as to any other allegations intended by those paragraphs.

## GENERAL DENIAL

To the extent that GAIC has not expressly admitted any allegation contained in the Complaint, GAIC denies that allegation. GAIC denies that the U.S. is entitled to the relief that it has requested or to any other relief from GAIC.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against GAIC upon which relief can be granted.

### SECOND DEFENSE

The U.S. failed to mitigate removal costs and/or its damages.

### THIRD DEFENSE

The decisions of the U.S. to incur certain removal costs (or related costs) were arbitrary and capricious.

### FOURTH DEFENSE

Any discharge and resulting removal costs and damages were caused by the willful misconduct of Defendant Nature's Way Marine, LLC.

### FIFTH DEFENSE

Any discharge and resulting removal costs and damages were caused solely by an act or omission of a third party.

### SIXTH DEFENSE

Any discharge and resulting removal costs and damages were caused solely by an act of God.

### SEVENTH DEFENSE

Any discharge and resulting removal costs and damages were caused by a combination of one or more of the following: an act of God, an act or omission of a third party, or willful misconduct of Nature's Way Marine, LLC.

### EIGHTH DEFENSE

If GAIC is liable, GAIC has no joint and several liability for the conduct of others.

**NINTH DEFENSE**

GAIC is entitled to any statutory limits of liability applicable to Defendant Third Coast Towing, LLC and is entitled to the limits of the COFR.

**TENTH DEFENSE**

GAIC pleads all defenses available to it under the COFR-RITE policy it issued to Defendant Third Coast Towing, LLC.

GAIC reserves the right to file such additional defenses as appropriate upon further investigation and discovery in this case.

WHEREFORE, having fully answered the Complaint, GAIC prays for recovery of all fees and costs incurred in defense of this action; and for such other relief as the Court may deem just and proper.

**CROSS-CLAIM FOR DECLARATORY RELIEF AND INDEMNITY**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Great American Insurance Company ("GAIC") files this Cross-Claim for Declaratory Relief and Indemnity ("Cross-Claim") against Third Coast Towing, LLC ("Third Coast"):

**PARTIES**

1. Cross-Claimant GAIC is an Ohio corporation with its principal place of business in Ohio.

2. Cross-Defendant Third Coast (now known as NGL Marine, LLC) is a Texas limited liability company with its principal place of business in Oklahoma.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual and justiciable controversy exists

between the parties. This Court also has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court also has supplemental jurisdiction over this Cross-Claim under 28 U.S.C. § 1367(a) because it is so related to claims in original action that they form part of the same case or controversy.

4. Venue is proper in this judicial district for this Cross-Claim.

**STATEMENT OF FACTS**

5. GAIC issued a COFR-RITE certificate ("the COFR") effective from March 1, 2013 to March 1, 2014 to Third Coast for barges owned by Third Coast, including the MOC-12 and MOC-15. *See* COFR-RITE certificate, Ex. A hereto.

6. Under the COFR, Third Coast is required to hold GAIC harmless for any pollution liabilities incurred and indemnify GAIC for any claims paid and/or legal fees expended to defend the COFR issued on Third Coast's behalf.

7. On January 22, 2016, the United States of America ("the U.S.") filed a complaint against Third Coast, GAIC, and Nature's Way Marine, LLC ("the U.S. Action") seeking reimbursement for removal and/or other costs related to the January 26, 2013 Oil Spill on the Mississippi River near Vicksburg involving the MOC-12 and MOC-15. The allegations of that complaint are public record and speak for themselves.

8. Under the COFR, Third Coast is liable to GAIC for all of the monetary claims asserted against GAIC in the U.S. Action.

9. Under the COFR, Third Coast is liable to GAIC for all of its defense costs in defending the U.S. Action. GAIC has incurred such defense costs and its defense costs will continue to accrue as long as it is a defendant in the U.S. Action.

10. On March 11, 2016, GAIC sent a letter to Third Coast demanding indemnity and defense costs in the U.S. Action pursuant to the COFR. *See* Demand Letter, Ex. B hereto. Third Coast's failure to respond to GAIC's demand amounts to a denial of responsibility under the COFR.

## DECLARATORY JUDGMENT AGAINST THIRD COAST FOR INDEMNITY

11. GAIC incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

12. An actual and justiciable controversy exists between GAIC and the Third Coast regarding Third Coast's obligation to pay any removal costs and/or damages assessed against GAIC in the U.S. Action and any legal fees expended by GAIC to defend the COFR issued on Third Coast's behalf in the U.S. Action.

13. Third Coast has a duty under the COFR to hold GAIC harmless for any pollution liabilities incurred and indemnify GAIC for any claims paid and/or legal fees expended to defend the COFR issued on Third Coast's behalf.

14. GAIC petitions this Court to declare that Third Coast has an obligation to pay for any removal costs and/or damages and/or to indemnify GAIC for any such removal costs and/or damages paid by GAIC. Further, GAIC petitions this Court to declare that Third Coast has an obligation to pay any legal fees expended by GAIC to defend the COFR issued on Third Coast's behalf and/or to reimburse GAIC for such legal fees.

## PRAYER FOR RELIEF

WHEREFORE, GAIC prays that this Court declare that Third Coast has an obligation to pay any removal costs and/or damages assessed against GAIC in the U.S. Action and pay legal

fees expended by GAIC to defend the COFR issued on Third Coast's behalf. GAIC further prays for such other relief as the Court deems just and proper.

**THIRD-PARTY COMPLAINT FOR
DECLARATORY RELIEF AND INDEMNITY**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Great American Insurance Company ("GAIC") files this Third-Party Complaint for Declaratory Relief and Indemnity ("Third-Party Complaint") against American Steamship Owners Mutual Protection & Indemnity Association, Inc. ("the American Club"):

**PARTIES**

1. Third-Party Plaintiff GAIC is an Ohio corporation with its principal place of business in Ohio.

2. Third-Party Defendant the American Club is a non-profit member-operated mutual protection and indemnity association located in New York that provides marine insurance to its members for risks in the United States and around the world.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual and justiciable controversy exists between the parties. This Court also has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court also has supplemental jurisdiction over this Cross-Claim under 28 U.S.C. § 1367(a) because it is so related to claims in original action that they form part of the same case or controversy.

4. Venue is proper in this judicial district for this Third-Party Complaint.

## STATEMENT OF FACTS

5. GAIC issued a COFR-RITE certificate ("the COFR") effective from March 1, 2013 to March 1, 2014 for barges owned by Third Coast Towing, LLC ("Third Coast"), including the MOC-12 and MOC-15. *See* COFR, Ex. 1 hereto.

6. Under the COFR, Third Coast is required to hold GAIC harmless for any pollution liabilities incurred and indemnify GAIC for any claims paid and/or legal fees expended to defend the COFR issued on Third Coast's behalf.

7. GAIC issued the COFR to Third Coast for the MOC-12 and MOC-15 based on the representations of the American Club that Third Coast had pollution and indemnity coverage with the American Club and that the American Club would treat any payments by GAIC as guarantor pursuant to the COFR as payments by Third Coast. *See* March 18, 2013 Letters from The American Club to GAIC, Collective Ex. 2, attached hereto. In other words, the American Club promised that if GAIC issued the COFR, then any losses incurred or payments made by GAIC as a result of issuing the COFR would be treated as payments by Third Coast for purposes of the American Club's indemnity obligations.

8. GAIC issued the COFR to Third Coast in reliance on the American Club's representations.

9. The American Club made these representations with the knowledge that GAIC would justifiably rely on said representations in making the decision to provide the COFR to The American Club's insured, Third Coast. Further, the American Club knew that GAIC would justifiably expect to be indemnified by the American Club in the event GAIC was required to make any payments on Third Coast's behalf pursuant to the COFR.

10. On January 22, 2016, the United States of America ("the U.S.") filed a complaint against Third Coast, GAIC, and Nature's Way Marine, LLC ("the U.S. Action") seeking reimbursement for removal and/or other costs related to the January 26, 2013 Oil Spill on the Mississippi River near Vicksburg involving the MOC-12 and MOC-15. The allegations of that complaint are a public record and speak for themselves.

11. On March 7, 2016, GAIC sent a letter to the American Club demanding indemnity and defense costs in the U.S. Action pursuant to the American Club's representations and the COFR. *See* Demand Letter, Ex. 3 hereto. The American Club has failed to respond to GAIC's demand, which amounts to a denial of responsibility to indemnify GAIC.

12. GAIC has been and will be prejudiced and suffer injury by its issuance of the COFR to Third Coast in reliance on the American Club's representations if the American Club does not abide by its representations.

## **DECLARATORY JUDGMENT AGAINST THE AMERICAN CLUB FOR INDEMNITY**

13. GAIC incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

14. An actual and justiciable controversy exists between GAIC and the American Club regarding the American Club's obligation to pay any removal costs and/or damages assessed against GAIC in the U.S. Action on behalf of Third Coast.

15. GAIC petitions this Court to declare that the American Club has an obligation to pay for any removal costs and/or damages assessed against GAIC in the U.S. Action and/or to indemnify GAIC for any such removal costs and/or damages. Further, GAIC petitions this Court to declare that the American Club has an obligation to pay any legal fees expended by GAIC to defend the COFR issued on Third Coast's behalf and/or to reimburse GAIC for such legal fees.

**PRAYER FOR RELIEF**

WHEREFORE, GAIC prays that this Court declare that the American Club has an obligation to pay any removal costs and/or damages assessed against GAIC in the U.S. Action and/or to indemnify GAIC for such costs and/or damages and pay legal fees expended by GAIC to defend the COFR issued on Third Coast's behalf. GAIC further prays for such other relief as the Court deems proper.

Respectfully submitted, this the 7th day of April, 2016.

>*/s/ Kate Margolis*
>Kate Margolis (MSB 99625)
>BRADLEY ARANT BOULT CUMMINGS LLP
>One Jackson Place
>188 E. Capitol Street, Suite 400
>Jackson, MS  39201
>Phone: 601-948-8000
>kmargolis@babc.com
>
>*Counsel for Defendant Great American Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 7th, 2016, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all parties.

                                             /s/ *Kate Margolis*
                                             OF COUNSEL