UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:16cv34CWR-FKB |
| THIRD COAST TOWING, LLC, GREAT AMERICAN INSURANCE AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| THIRD COAST TOWING, LLC | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| THIRD COAST TOWING, LLC | THIRD PARTY PLAINTIFF |
| V. | |
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION & INDEMNITY ASSOCIATION, INC. (THE AMERICAN CLUB) | THIRD PARTY DEFENDANT |

**THIRD COAST TOWING, LLC's ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT OF THE UNITED STATES OF AMERICA**

Defendant Third Coast Towing, LLC ("Third Coast"), though undersigned counsel, files its Answer and Affirmative Defenses to the Complaint of the United States of America (the "U.S." or "Plaintiff), as follows:

**ANSWER**

Third Coast answers the Complaint, paragraph by paragraph:

# NATURE OF THE ACTION[1]

1. Denied, except to admit this incident was caused when a tugboat owned by Nature's Way Marine, LLC pushed a Third Coast barge into the Vicksburg Railroad Bridge.

2. No answer is required to the allegations of this paragraph which state conclusions of law and/or jurisdictional matters. However, to the extent further answer may be deemed necessary, it is admitted the plaintiff filed suit under these statutes.

3. No answer is required to the allegations of this paragraph which state conclusions of law and/or jurisdictional matters. However, to the extent further answer may be deemed necessary, it is admitted the plaintiff filed suit under these statutes, which appear applicable to this controversy.

4. Admitted.

5. The allegations in Paragraph 5 are admitted upon information and belief except that Third Coast denies the allegations regarding Third Coast's current principal place of business.

6. On present information and belief, Third Coast admits that these allegations appear correct, but reserves the right to amend if necessary.

7. On present information and belief, Third Coast denies that the MOC 15 weighs 1,987 gross tons, but in due course will stipulate to the dimensions and weight of MOC 15.

8. Admitted.

9. The allegations in paragraph 9 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

---

[1] For ease of reference, this Answer incorporates the headings that appear in the Complaint. The use of those headings is not an admission that any allegation in the Complaint is true or that any legal conclusion is well-founded.

10. The first sentence of paragraph 10 is admitted upon information and belief. The second sentence of paragraph 10 is admitted upon information and belief. The third sentence of paragraph 10 consists of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations.

11. Third Coast is without sufficient information to specifically admit or deny the allegations in paragraph 11, but believe Nature's Way Marine, LLC ("Nature's Way") is based in Theodore, Alabama.

12. Third Coast is without sufficient information to specifically admit or deny the allegations in paragraph 12, but believes that NATURE'S WAY ENDEAVOR ("ENDEAVOR") is a U.S. flagged towing vessel owned and operated by Nature's Way.

13. Third Coast is without sufficient information to admit or deny the allegations in paragraph 13.

## GENERAL ALLEGATIONS

14. The towage agreement speaks for itself. To the extent the allegations in paragraph 14 are inconsistent with or are an incomplete summary of the towage agreement, Third Coast denies the allegations.

15. Admitted upon information and belief.

16. Admitted upon information and belief.

17. Admitted upon information and belief.

18. Third Coast is without sufficient information to admit or deny the allegations in paragraph 18.

19. Admitted upon information and belief.

20. Admitted upon information and belief.

21. Admitted upon information and belief.

22. Admitted upon information and belief.

23. Third Coast is without sufficient information at this time to fully admit or deny the specific allegations in paragraph 23.

24. Third Coast is without sufficient information at this time to fully admit or deny the specific allegations in paragraph 24.

25. Third Coast is without sufficient information at this time to fully admit or deny the specific allegations in paragraph 25.

26. Third Coast is without sufficient information at this time to admit or deny the specific allegations in paragraph 26.

27. Third Coast is without sufficient information at this time to admit or deny the specific allegations in paragraph 27.

28. The allegations in paragraph 28 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

29. The allegations in paragraph 29 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

30. The allegations in paragraph 30 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

31. The allegations in paragraph 31 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.  It is further averred that Nature's Way, with the consent and approval of plaintiff, retained the

Qualified Individual ("QI") and Oil Spill Response Organization(s) ("OSRO") for the alleged spill in question, and assumed all responsibility for the clean-up and all related expenses..

32. The allegations in paragraph 32 consists of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves. It is further averred that all clean-up efforts here were arranged by the negligent and responsible actor, Nature's Way, and/or its QI or OSROs.

33. The allegations in paragraph 33 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, upon information and belief, Third Coast admits that Nature's Way was the operator of the barges at issue and that Third Coast was the owner of MOC 12 and MOC 15, but otherwise denies any other allegations in paragraph 33.

34. Third Coast is without sufficient information at present to admit or deny the allegations in paragraph 34.

35. Third Coast is without sufficient information to fully admit or deny the specific allegations in paragraph 35, but agrees the Unified Command included representatives of Nature's Way, <u>not</u> Third Coast (because Nature's Way assumed full responsibility for the clean-up and related efforts).

36. Third Coast is without sufficient information at present to admit or deny the allegations in paragraph 36.

37. Third Coast is without sufficient information at the present time to fully admit or deny the specific allegations in paragraph 37, but believes the FOSC issued orders to Nature's Way (and only Nature's Way) to develop lightering, salvage, remediation and related plans.

38. Third Coast is without sufficient information to fully admit or deny the specific allegations in paragraph 38, but generally believes them to be true.

39. Third Coast admits that the NPFC notified it of its potential liability and believes notice was also given to Nature's Way. Third Coast is without sufficient information to admit or deny the remainder of the allegations in paragraph 39.

40. Admitted upon information and belief.

41. Admitted upon information and belief.

42. The allegations in paragraph 42 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

43. The allegations in paragraph 43 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

44. The allegations in paragraph 44 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

45. Third Coast will have to review additional records to determine if United States Environmental Services ("USES") submitted a claim to Third Coast (and/or Great American), but Third Coast was aware of the claim by USES and pressed Nature's Way to pay it. Nature's Way agreed to take full responsibility for this (reserving rights for contribution only against Third Coast's cargo insurance underwriters for contribution to the extent these costs were for preservation of cargo, not pollution clean-up).

46. Third Coast is without sufficient information to admit or deny the allegations in paragraph 46.

47. The allegations in paragraph 47 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

48. The allegations in paragraph 48 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

49. Third Coast is without sufficient information to admit or deny the allegations in paragraph 49.

50. The allegations in paragraph 50 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

51. Third Coast is without sufficient information to admit or deny the allegations in paragraph 51.

52. Third Coast is without sufficient information to admit or deny the allegations in paragraph 52.

53. Third Coast is without sufficient information to admit or deny the allegations in paragraph 53, but believes it to be true.

54. Third Coast is researching this issue, particularly whether any such notice was received at the proper address and/or by the proper representatives. Pending completion of research, these allegations are denied.

55. Third Coast is researching this issue, particularly whether any such notice was received at the proper address by the proper representatives. Pending completion of research, these allegations are denied.

56. The allegations of paragraph 56 consist of a legal conclusion that requires no response. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves. All other allegations are denied.

57. The allegations in paragraph 57 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

58. The allegations in paragraph 58 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

59. The allegations in paragraph 59 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

60. The allegations in paragraph 60 do not appear to be require response. To the extent a response is required, Third Coast admits only that the United States is asserting the claim and denies any other allegations of this paragraph.

**FIRST CLAIM FOR RELIEF**

61. Third Coast incorporates by reference as if copied *in extenso* its responses to the preceding paragraphs.

62. Denied.

63. Third Coast denies the allegations in paragraph 63 because those allegations consist of a legal conclusion or because Third Coast is without sufficient information to admit or deny the allegations.

## SECOND CLAIM FOR RELIEF

## Civil Penalties for Violations of CWA Section 311(b)f3) - Oil Spill

64. Third Coast incorporates by reference as if copied *in extenso* its responses to the preceding paragraphs.

65. The allegations in paragraph 65 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

66. The allegations in paragraph 66 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

67. The allegations in paragraph 67 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves. Third Coast also avers the barges were not under their control at the pertinent time and Third Coast cannot be guilty of "gross negligence or willful misconduct."

68. The allegations in paragraph 68 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

69. Upon information and belief, Third Coast admits that Nature's Way was the operator in charge of the vessel from which oil was discharged. Third Coast denies the remainder of the allegations in paragraph 69 because those allegations consist of a legal conclusion or because Third Coast is without sufficient information to admit or deny the allegations.

70. Upon information and belief, Third Coast admits that Third Coast was the owner of the vessel from which oil was discharged. Third Coast denies the remainder of the allegations

in paragraph 70 because those allegations consist of a legal conclusion or they are an incomplete summary of statutes the entirety of which speak for themselves.

71. The allegations in paragraph 71 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

72. The allegations in paragraph 72 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

73. Third Coast admits the second sentence of paragraph 73, but the remaining allegations in paragraph 73 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

74. The allegations in paragraph 74 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

75. The allegations in paragraph 75 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

76. The allegations in paragraph 76 consist of a legal conclusion that requires no response from Third Coast. To the extent a response is required, Third Coast denies the allegations as an incomplete summary of statutes the entirety of which speak for themselves.

## PRAYER FOR RELIEF

Third Coast denies that Plaintiff is entitled to any of the relief sought from Third Coast in paragraphs 77 through 80 of the Complaint, and lacks knowledge of information sufficient to form a belief as to any other allegations intended by those paragraphs.

## GENERAL DENIAL

To the extent that Third Coast has not expressly admitted any allegation contained in the Complaint, Third Coast denies that allegation. Third Coast denies that the U.S. is entitled to the relief that it has requested or to any other relief from Third Coast.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Third Coast upon which relief can be granted.

### SECOND DEFENSE

The U.S. failed to mitigate removal costs and/or its damages.

### THIRD DEFENSE

The decisions of the U.S. to incur certain removal costs (or related costs) were arbitrary and capricious.

### FOURTH DEFENSE

Any discharge and resulting removal costs and damages were caused by the gross negligence and willful misconduct and/or violation of federal regulations by Defendant Nature's Way Marine, LLC.

### FIFTH DEFENSE

Any discharge and resulting removal costs and damages were caused solely by an act or omission of a third party.

## SIXTH DEFENSE

Any discharge and resulting removal costs and damages were caused solely by an act of God.

## SEVENTH DEFENSE

Any discharge and resulting removal costs and damages were caused by a combination of one or more of the following: an act of God, an act or omission of a third party, or gross negligence, willful misconduct and/or violation of federal regulations by Nature's Way Marine, LLC.

## EIGHTH DEFENSE

If Third Coast is liable, Third Coast has no joint and several liability for the conduct of others.

## NINTH DEFENSE

Third Coast is entitled to any statutory limits of liability.

## TENTH DEFENSE

Under the particular facts of this case, where plaintiff worked closely and solely with the negligent and responsible party, Nature's Way, plaintiff (and Nature's Way) should be estopped from pursuing the claims herein against Third Coast and Great American Insurance.

## ELEVENTH DEFENSE

Third Coast maintains that Nature's Way assumed full responsibility for this incident, repeatedly assured Third Coast and Great American that it was taking full responsibility for this incident, and in settlement of property damage claims arising from this incident agreed to hold harmless, defend and indemnify Third Coast from pollution and clean-up expenses. The assertion that the property damage release was intended to apply to pollution and spill claims is unsupportable and rises to the level of fraud (and/or bad faith). These issues will be the subject

of a cross-claim to be filed by Third Coast in its answer to the unsupported cross-claim of Nature's Way and/or its pollution underwriters.

## TWELFTH DEFENSE

Third Coast reserves the right to file such additional defenses as appropriate upon further investigation and discovery in this case so as to receive all relief to which it is entitled at law, in equity or in admiralty.

WHEREFORE, having fully answered the Complaint, Third Coast prays that the Complaint against it be dismissed. Third Coast also prays for all relief to which it is entitled at law, in equity or in admiralty.

Respectfully submitted,

BY: */s/ James W. Shelson*
Reuben V. Anderson, MB 1587
James W. Shelson, MB 9693
Phelps Dunbar LLP
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: reuben.anderson@phelps.com
jim.shelson@phelps.com

ATTORNEYS FOR DEFENDANT, THIRD COAST TOWING, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of April, 2016, I have electronically filed the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record via e-mail.

*/s/ James W. Shelson*_____
JAMES W. SHELSON