# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:16CV34CWR-FKB |
| THIRD COAST TOWING, LLC, GREAT AMERICAN INSURANCE, AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| NATURE'S WAY MARINE, LLC AND ENVIRONMENTAL POLLUTION GROUP, LLC | COUNTER-PLAINTIFFS |
| V. | |
| UNITED STATES OF AMERICA, UNITED STATES COAST GUARD, NATIONAL POLLUTION FUNDS CENTER AND OIL SPILL LIABILITY TRUST FUND | COUNTER-DEFENDANTS |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | THIRD PARTY PLAINTIFF |
| V. | |
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION & INDEMNITY ASSOCIATION, INC. (THE AMERICAN CLUB) | THIRD PARTY DEFENDANT |

## NATURE'S WAY MARINE, LLC AND ENVIRONMENTAL POLLUTION GROUP, LLC'S OPPOSITION TO PLAINTIFF UNITED STATES' MOTION TO DISMISS

This is a lawsuit over an oil spill for which, *inter alia*, the United States Government (the "Government") seeks removal costs and penalties against Defendant and Counterclaimant

Nature's Way Marine, LLC ("Nature's Way"), and therefore Nature's Way and other private parties seek equitable relief in return. The Government chose the venue and forum within which to sue Nature's Way, as well as Third Coast Towing, LLC, knowing full well that a second denial was forthcoming from the National Pollution Funds Center covering the same issues raised in the Government's lawsuit with respect to Nature's Way's request for abatement and reimbursement of pollution costs expended in this case. For the Government to now seek a motion to dismiss Nature's Way's counterclaim is disingenuous.

Nature's Way respectfully asks this Court to deny the Government's motion to dismiss and hear this case on its merits so that the matter can be properly adjudicated by an impartial tribunal. Some additional factual background is appropriate to place into context why the Government's motion to dismiss is premature and not appropriate.

**Facts**

Third Coast Towing, LLC ("Third Coast") entered into a towage agreement with Nature's Way on October 17, 2012. Nature's Way's Counterclaim, Appendix B, Exhibit B, Rec. Doc. 7-2, page 17. Nature's Way's M/V ENDEAVOR was hired to tow barges solely owned and operated by Third Coast. *Id.* The Barge MOC-12 was one such barge. Nature's Way received all instructions related to the Barge MOC-12 and its cargo from Third Coast. *Id.* While the M/V ENDEAVOR was pushing the MOC-12, the MOC-12 allided with the Vicksburg Bridge resulting in an oil spill into the navigable waters of the Mississippi River. Counterclaim, Rec. Doc. 7, Paragraph 18, page 12. The Government eventually declared Nature's Way as a responsible party for the oil spill under the Oil Pollution Act of 1990 ("OPA"). *Id.*, at page 13. As required by law, Nature's Way immediately responded to the incident and spent nearly $3,000,000 for clean up and removal costs, which amount is approximately $2,100,000 over its liability limits as defined under Section 2704 of OPA, 33 U.S.C. §2704. *Id.*

Nature's Way and its insurer, Environmental Pollution Group, LLC ("EPG"), thereafter sought reimbursement for such clean up and removal costs in excess of the OPA liability limits for the M/V ENDEAVOR from the National Pollution Funds Center ("NPFC") under OPA Sections 2708 and 2713. Nature's Way Counterclaim, Rec. Doc. 7, at Paragraph 37. Their claims were filed with the NPFC on May 22, 2015. *Id.*, at Paragraph 12. *See* 33 C.F.R. §136.115(c) (attached), which allows the NPFC only six months to adjudicate the claim or it can be deemed denied by election of the claimant. The NPFC did not act on the claim within the allowed six months (i.e., by November 21, 2015), and claimants Nature's Way and EPG elected to have their claims deemed denied. Counterclaim, Rec. Doc. 7, at Paragraphs 13-15. The NPFC belatedly issued a "decision" on the claims on March 16, 2016, nearly two months after the complaint was filed and after counterclaimants elected to treat NPFC's inaction as a denial. *Id.*, at Paragraph 15.

**The Government's Motion to Dismiss is Premature and Inappropriate**

The Government's motion to dismiss is based solely on Federal Rule of Civil Procedure 12(b)(6) for counterclaimants' alleged failure to state a claim upon which relief can be granted. The Government's sole contention in its motion is that the relief counter-claimants seek, which includes abatement, offset and trial *de novo*, are not cognizable under the Administrative Procedure Act ("APA"). Yet, the Government does not contest that a court can declare an agency action as arbitrary and capricious and set it aside under the APA. United States' Memorandum, Rec. Doc. 18, page 12. The Government floats extraneous points (*e.g.*, a release, limitation of liability), that have no meaning or relevance with respect to its motion. Since counterclaimants also ask for "…any and all other relief to which [they are] entitled" (Rec. Doc. 7, page 17, at (e)), the Government's argument and analysis are both moot and premature at this stage of the case.

**Standard of Review for a Motion to Dismiss**

As the Government concedes (Rec. Doc. 18 at page 9), a motion to dismiss tests the adequacy of the complaint (counterclaim here) on its face. Facts pleaded in the complaint are accepted as true as we have laid out in the **Facts** portion of this opposition.[1] Counterclaimants have pleaded that they paid excess removal costs under OPA, that they have a claim against the NPFC which was arbitrarily denied, and that they are entitled to relief under the APA. The Government in its motion to dismiss merely contests what type of relief to which counterclaimants are entitled – nothing more. It is for this Court to make that determination at the appropriate time and after the merits of the case are heard.

Matters outside of the pleadings may be excluded by the Court. Yet, the Government goes overboard with documents outside of the counterclaim pleading, i.e., by submitting an NPFC "decision" and an unsigned settlement (attachments 1 and 2 of its motion). These documents should be excluded and not considered by the Court in this motion. Further, the unsigned settlement document is added without legal argument or support as to its relevance to the motion, and as such it cannot be considered at this stage of the proceedings. The Government simply clouds the single APA issue raised in its motion. Otherwise, counterclaimants lack notice regarding the cryptic intent of the motion.

**The Counterclaimant's Have an APA Argument**

Counterclaimants dispute the Government's arguments regarding the scope of the APA, 5 U.S.C. §706. The Government argues for judicial deference to the purported NPFC "decision"

---

[1] "[W]e accept as true the well-pleaded factual allegations in the complaint." … To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007).

and asserts that an agency remand is the only judicial relief available to counter-claimants, rather than monetary relief. The Government is wrong and furthermore ignores the "deemed denied" part of the facts in this case.

First, judicial deference is not always owed to all NPFC "decisions." Claimants had already deemed the NPFC's inaction for over six months as a denial prior to the issuance of the March 16, 2016 NPFC determination. The NPFC's belated determination submitted by the Government outside the pleadings is entitled to no legal effect. If argued otherwise, discovery into the NPFC would be in order to assist the Court in this regard. *See* below and, *e.g.*, *Goldman v. Hartford Life & Accident Ins. Co.*, 417 F. Supp. 2d 788, 801 (E.D. La. 2006), *reconsideration denied* (2006) (whether deemed denied claim is subject to *de novo* review is an open question in the Fifth Circuit—that case dealt with actions or inactions of an ERISA plan administrator, analogous to actions or inactions of the NPFC). What the instant case then boils down to are questions of law as to whether or not the counterclaimants are entitled to the OPA limitation of liability, an issue on the merits not yet fairly raised herein. *See Plantation Pipeline, Co. v. Oil Spill Liab. Trust Fund*, 1998 U.S. Dist. Lexis 23671 at *11-13 (N.D. Ga. 1998) (under APA, purely legal questions in NPFC decisions are reviewed *de novo*). *De novo* review is an applicable relief here.

Second, the NPFC determination (attachment 2 to the Government's motion) was prepared on March 16, 2016, well after the United States filed its complaint against Nature's Way on January 22, 2016. The complaint undermines Nature's Way NPFC claim. Nature's Way is entitled to discovery over whether the NPFC was biased by the Government's earlier complaint filed herein, because "…deference to what appears to be nothing more than a agency's convenient litigating position would be entirely inappropriate." *See Bowen v. Georgetown Univ.*

*Hosp.*, 109 S. Ct. 468, 474 (1988). The belated NPFC determination is likely no more than a post-hoc legal brief as opposed to reasoned agency decision-making and deference is not owed to it.

Third, the APA does provide an injured private party with equitable relief in terms of money, and counterclaimant's requested such relief. *See International Marine Carriers v. Oil Spill Liab. Trust Fund*, 903 F. Supp. 1097, 1102 (S.D. Tex. 1994), *reconsideration denied* (1995) ("[A] money award may be equitable relief where it results from an action enforcing a statutory mandate to pay money…IMC seeks reimbursement of 'removal costs' required under the OPA not compensation for harm caused by the Fund's denial of its claim. Reimbursement of OPA removal cost from the Fund constitutes restitution, not damages….The APA's waiver of sovereign immunity therefore applies to IMC's suit for judicial review.").

The Government is wrong—counterclaimants' equitable OPA-related money claims are viable under the APA. For instance, setoff is an equitable right of a debtor to deduct from a debt it owes to a creditor. Counterclaimants' offset or abatement against the Government's own equitable OPA money claims are still equitable in nature as they reflect Nature's Way and EPG's right to restitution.

## Conclusion

The motion to dismiss should be denied.

Respectfully submitted this 31st day of May 2016.

                                              NATURE'S WAY MARINE, LLC
                                              and ENVIRONMENTAL POLLUTION
                                              GROUP, LLC

                                              By Their Attorneys,
                                              Jones Walker LLP

                                              By:   */s/ Neville H. Boschert*
                                                            Neville H. Boschert

Neville H. Boschert (MSB No. 3697)
JONES WALKER LLP
190 E. Capital Street (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone:  (601) 949-4900
Facsimile:  (601) 949-4804
nboschert@joneswalker.com

Stanley A. Millan (*pro hac vice*)
Jefferson R. Tillery (*pro hac vice*)
Marc C. Hebert (*pro hac vice*)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, LA  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8583
smillan@joneswalker.com
jtillery@joneswalker.com
mhebert@joneswalker.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing pleading upon counsel of record by filing in this Court's CM/ECF system.

This 31st day of May 2016.

>*/s/ Neville H. Boschert*
>Neville H. Boschert