UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:16cv34CWR-FKB |
| THIRD COAST TOWING, LLC,<br>GREAT AMERICAN INSURANCE<br>AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| THIRD COAST TOWING, LLC | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| THIRD COAST TOWING, LLC | THIRD PARTY PLAINTIFF |
| V. | |
| AMERICAN STEAMSHIP OWNERS<br>MUTUAL PROTECTION &<br>INDEMNITY ASSOCIATION, INC.<br>(THE AMERICAN CLUB) | THIRD PARTY DEFENDANT |

**ANSWER OF THIRD COAST TOWING, LLC TO THE CROSS – CLAIM OF
NATURE'S WAY MARINE, LLC AND CROSS-CLAIM OF THIRD COAST TOWING,
LLC AGAINST NATURE'S WAY MARINE, LLC**

NOW INTO COURT, through undersigned counsel, comes Third Coast Towing, LLC ("Third Coast") to answer the Cross – Claim of Nature's Way Marine, LLC ("Nature's Way") and to file its Cross-Claim against Nature's Way as follows:

**ANSWER TO CROSS-CLAIM**

1. Denied for lack of sufficient information to justify belief therein.

1

2. Admitted.

3. No answer is required to the allegations of this paragraph, which state conclusions of law and/or jurisdiction.

4. No answer is required to the allegations of this paragraph, which state conclusions of law or jurisdiction; however, further answering, venue would appear proper.

5. Denied. Further answering, Third Coast contends that Nature's Way's claim that the Settlement Agreement applies to the claims in this civil action is without evidentiary support, and completely groundless in fact, in violation of Rule 11 of the Federal Rules of Civil Procedure.

6. Denied. Further answering, Third Coast contends that Nature's Way's claim that the Settlement Agreement applies to the claims in this civil action is without evidentiary support, and completely groundless in fact, in violation of Rule 11 of the Federal Rules of Civil Procedure.

7. No answer is required to the allegations of this paragraph, but Third Coast specifically avers that any allegation herein which has not been specifically admitted is categorically denied.

8. Denied. Further answering, this claim is without evidentiary support and groundless in law and in fact. The Settlement Agreement in this case does not, and was not intended, to have the effect argued by Nature's Way. Nature's Way's allegations in this regard are causing unnecessary delay and are needlessly

increasing the cost of litigation for <u>all</u> parties herein, all contrary to Rule 11 of the Federal Rules of Civil Procedure. Nature's Way has also blatantly breached the confidentiality provisions of the settlement agreement.

**DEFENSES AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM**

1. The Cross-Claim fails to state a claim or cause of action upon which relief may be granted.

2. As outlined further in its below Cross-Claim, Third Coast raises as affirmative defenses accord and satisfaction, duress, estoppel, mutual mistake, error of fact, failure of consideration, vice of consent, fraud, laches, release, and waiver. Third Coast further reserves the right to allege any other affirmative defense found applicable under Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, after due proceedings, Third Coast Towing, LLC prays that the Cross-Claim of Nature's Way be dismissed, with prejudice, and at Nature's Way's costs, and further prays that the attorneys' fees of all parties necessitated by Nature's Way's Cross-Claim, including but not limited to the attorneys' fees of Third Coast Towing, LLC, be assessed against Nature's Way Marine, LLC.

**CROSS-CLAIM OF THIRD COAST TOWING, LLC AGAINST NATURE'S WAY MARINE, LLC**

Now, for its Cross – Claim against Nature's Way Marine, LLC, Third Coast Towing, LLC avers as follows:

1. The pollution event giving rise to the captioned litigation was caused by the sole fault of Nature's Way, its employees, agents, managers and crew. Third Coast was the owner of unmanned or "dumb" barges which at the time of the allision giving rise to the pollution event were in the sole care, custody and control of Nature's Way.

2. The allision between the Third Coast barge, while under the sole control of the tug NATURES WAY ENDEAVOR, and the Vicksburg River bridge occurred as a result of the gross negligence or willful misconduct of Nature's Way, or the violation of an applicable federal safety, construction or operating regulation by Nature's Way and/or the crew of the NATURES WAY ENDEAVOR.

3. Third Coast therefore claims full indemnity and/or contribution from Nature's Way pursuant to 33 U.S.C. 2709, 33 U.S.C. 2717, other applicable statutes, and/or the general maritime law.

4. Third Coast further avers that Nature's Way assumed all responsibility for the pollution clean-up after the event occurred. It appointed an incident commander, it handled the OPA claims advertising, and it repeatedly assured Third Coast that it accepted full responsibility for all pollution and pollution related expenses. Nature's Way apparently paid, without making any demand upon Third Coast, $2,992,782.15 in removal costs and related expenses.

5. As against Third Coast, Nature's Way should be legally, equitably or otherwise estopped and/or barred from denying responsibility for these or any

4

other clean-up or related expenses, or any claims by the United States of America, the State of Mississippi or others for clean-up expenses, and it should also be barred from taking any actions to shift these expenses or any other pollution removal/response or related expenses to Third Coast.

6. Third Coast further avers that the doctrine of detrimental reliance applies so as to prevent Nature's Way from now disclaiming responsibility for the pollution and related expenses at issue.

7. The settlement agreement referred to by Nature's Way was prepared in conjunction with settlement of a suit in the United States District Court for the Southern District of Alabama, civil action number 1:14–00047, which suit was initiated by the hull and machinery underwriters of Third Coast for property damages to the barges MOC – 12 and MOC – 15. No aspect of that suit involved claims or recovery for pollution or clean-up response, all of which was handled by Nature's Way. Nature's Way did not make any claims in that case for reimbursement of pollution or clean-up response expenses.

8. The pollution underwriters of Nature's Way, Environmental Pollution Group, LLC ("EPG") were not counsel of record in that case and had no involvement in the litigation, and no overt involvement in the drafting or execution of the settlement agreement.

9. As the above Mobile, Alabama property damage litigation was being settled, counsel for Third Coast specifically confirmed in writing that the

settlement agreement would not affect responsibility for pollution and, in fact, any settlement agreement would be required to include a broad hold harmless provision protecting Third Coast and its pollution/ P & I underwriters from any further expenses arising out of this incident. See e-mail dated December 29, 2014, Exhibit "A."

10. In the course of the Mobile, Alabama property damage litigation, counsel for Nature's Way had argued that one invoice, USES Invoice No. 083503 for $231,001.49, was not related to pollution and clean-up, but was instead related to cargo preservation, which was covered under the cargo insurance policy of Third Coast, which by contract was to name Nature's Way as an additional insured.

11. In light of the above, the settlement agreement allowed Nature's Way to pursue the cargo underwriters of Third Coast, but in keeping with the previous and ongoing commitment by Nature's Way to cover all pollution expenses, the settlement agreement specifically states that Nature's Way "… shall fully protect, defend and indemnify [Third Coast and its P & I underwriters] from any claims that may arise as a result of Nature's Way's pursuit of claims against Third Coast's cargo underwriters."

12. The above further shows that the settlement agreement was never intended to be used in any way to impose pollution or related liabilities on Third

Coast, which had been repeatedly assured by Nature's Way that it had paid and would pay all pollution, clean-up, and related expenses.

13. Neither the United States Coast Guard invoice for $498,654.15, nor the expenses allegedly incurred by the state of Mississippi or the United States Environmental Protection Agency were ever discussed in any way in the course of the property damage litigation filed in Mobile, Alabama, which was the subject of the settlement agreement.

14. Other emails sent in the process of binding settlement confirm that Third Coast and its P & I underwriters were to be protected from any further claims by way of contribution, subrogation, etc. See email dated December 30, 2014, Exhibit "B."

15. This was confirmed in an email reply sent December 30, 2014, Exhibit "C." The attorneys representing Nature's Way in the Mobile, Alabama litigation specifically confirmed that Third Coast and its P & I underwriters would be protected from further action arising out of this matter. While claims against the cargo underwriters of Third Coast for the invoice mentioned above were reserved by Nature's Way, even here Third Coast and its P & I club were to be protected from any further action, as noted above.

16. Despite these binding agreements, Nature's Way either inadvertently, or intentionally or fraudulently, sent a release which did not include the hold harmless provisions. The release or settlement agreement was sent only shortly before a

7

deadline set by the Alabama federal court for consummation of settlement. Counsel for Third Coast was busy preparing for a trial set to begin the next week during which time the deadline set by the Alabama federal court would expire. Counsel for Third Coast advised he could not review the release until after his trial, but he was repeatedly asked to do so as soon as possible to meet the deadline set by the U.S. District Court.

17. In an effort to cooperate with the other parties to meet the court deadline, which deadline was imminent through no fault or action of Third Coast or its counsel, the specifically agreed hold harmless provision (exhibit "A") was inadvertently omitted from the settlement agreement. This is an error in drafting or a "scriveners error" which should be corrected so that the settlement agreement reflects the true – and agreed - intent of the parties.

18. The failure to include the agreed hold harmless is also a mutual mistake which requires reformation, or a unilateral mistake, which is voidable. See Restatement of Contracts, Second, sections 153 and 155.

19. Third Coast also reserves the right to allege that the settlement agreement was based on an error of fact (i.e., that the only unpaid invoice was USES Invoice No. 083503) and/or vices of consent.

20. The settlement agreement states that it is subject to the maritime laws of the United States or, alternatively, the laws of the state of Louisiana. Because the federal common law regarding releases is largely undeveloped, and because federal

contract law is largely indistinguishable from general contract principles under state common law, maritime courts look to applicable state law regarding settlement agreements and releases.

21. Louisiana Civil Code article 3076 specifically states that a settlement or "compromise" settles "...only those differences that the parties clearly intended to settle…" Proof of the intent of the release can be made using extrinsic evidence, and the parole evidence rule is liberally construed to determine the intent of the parties.

22. Louisiana law allows extrinsic evidence to prove mutual mistake even when the language of the contract is not ambiguous.

23. If Nature's Way contends that a mistake was <u>not</u> made with respect to the drafting of the settlement agreement, then Third Coast further avers that the settlement agreement was procured by duress, given the time constraints imposed on counsel for Third Coast, and/or fraud, especially now given the attempt to use the property damage settlement to shift responsibility for other expenses arising through the sole negligence of Nature's Way, for which Nature's Way repeatedly assumed responsibility (vis-à-vis Third Coast).

24. Third Coast specifically requests that Nature's Way, its underwriters and all of their attorneys preserve all emails, electronic communications, text messages and phone call records regarding the settlement of the Mobile, Alabama litigation, the negotiation and preparation of the settlement agreement, and all related matters,

including related client correspondence, all of which is discoverable in order to allow Third Coast to explore its claims, including the claims of fraud raised herein.

25. Third Coast specifically notes the absurdity of the position taken by Nature's Way with regard to the release; specifically, that in exchange for a settlement of $50,000.00, Third Coast assumed responsibility for nearly $3 million in pollution costs for an event arising <u>solely</u> from the negligence of Nature's Way in towing an unmanned barge owned by Third Coast.

26. Third Coast also notes that Nature's Way blatantly violated the confidentiality clause of the Settlement Agreement. It did not seek or obtain the agreement of Third Coast to reveal the settlement agreement to others, certainly because it knew Third Coast would not agree to the use of the agreement in direct contradiction to the purposes and intent of the agreement. Under all of these facts, the breach of the confidentiality clause should bar Nature's Way from using the release in any way.

27. Third Coast specifically reserves the right to amend its Cross-Claim to assert any legal or equitable theory or claim necessary to afford Third Coast all legal and equitable relief to which it is entitled.

WHEREFORE, after due proceedings, Third Coast Towing, LLC prays for judgment in its favor on all aspects of its Cross-Claim against Nature's Way, and further prays that the attorneys' fees and costs of all parties necessitated by Nature's Way's Cross-Claim, including but not limited to the attorneys' fees and

costs of Third Coast Towing, LLC, be assessed against Nature's Way Marine, LLC.

                               Respectfully submitted,

BY: */s/ James W. Shelson*
Reuben V. Anderson, MB 1587
James W. Shelson, MB 9693
Phelps Dunbar LLP
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: reuben.anderson@phelps.com
        jim.shelson@phelps.com

ATTORNEYS FOR DEFENDANT,
THIRD COAST TOWING, LLC

/s/*Kevin J. LaVie*_____
*Counsel pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June, 2016, I have electronically filed the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record via e-mail.

                         */s/ James W. Shelson*_____
                         JAMES W. SHELSON