# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:16CV34CWR-FKB |
| THIRD COAST TOWING, LLC,<br>GREAT AMERICAN INSURANCE,<br>AND NATURE'S WAY MARINE, LLC | DEFENDANTS |
| AND | |
| NATURE'S WAY MARINE, LLC AND<br>ENVIRONMENTAL POLLUTION GROUP, LLC | COUNTER-PLAINTIFFS |
| V. | |
| UNITED STATES OF AMERICA,<br>UNITED STATES COAST GUARD,<br>NATIONAL POLLUTION FUNDS CENTER<br>AND OIL SPILL LIABILITY TRUST FUND | COUNTER-DEFENDANTS |
| AND | |
| NATURE'S WAY MARINE, LLC | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | CROSS-CLAIMANT |
| V. | |
| THIRD COAST TOWING, LLC | CROSS-DEFENDANT |
| AND | |
| GREAT AMERICAN INSURANCE COMPANY | THIRD PARTY PLAINTIFF |
| V. | |
| AMERICAN STEAMSHIP OWNERS MUTUAL<br>PROTECTION & INDEMNITY ASSOCIATION, INC.<br>(THE AMERICAN CLUB) | THIRD PARTY DEFENDANT |

**AND**

| THIRD COAST TOWING, LLC | CROSS-CLAIMANT |
|---|---|

**V.**

| NATURE'S WAY MARINE, LLC | CROSS-DEFENDANT |
|---|---|

<u>NATURE'S WAY MARINE, LLC'S ANSWER
TO THIRD COAST TOWING, LLC'S CROSS-CLAIM</u>

Nature's Way Marine, LLC, ("Nature's Way") answers the cross-claim of Third Coast Towing, LLC ("Third Coast"), as follows:

1. The allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein. Further answering, it is admitted that Third Coast owned the barges in question.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied. Further answering, Nature's Way admits that it expended approximately $2,992,782.15 in removal costs and related expenses.

5. The allegations contained in Paragraph 5 are denied.

6. The allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied. Further answering, Nature's Way admits that it did not make any claim for reimbursement of pollution or clean-up response expenses against Third Coast in the Southern District of Alabama case cited by Third Coast. Further, Third Coast's original Complaint in that case at Paragraph XIII does refer to, "…damages including <u>but not limited to</u> …[physical injury to hull, salvage and recovery of

crude, loss of crude oil cargo, loss of profits, and costs and fees incurred]," as part of its damage claim.

8. The allegations contained in Paragraph 8 are denied, except to admit that Jones Walker was not counsel of record in the above Alabama case.

9. The allegations contained in Paragraph 9 are denied. Further answering, the e-mail attached to the cross-claim dated December 29, 2014 (Exhibit "A"), speaks for itself.

10. The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraph 11 are denied. The settlement referred to in the cross-claim speaks for itself.

12. The allegations contained in Paragraph 12 are denied.

13. The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14. The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein. Further answering, the e-mail cited dated December 30, 2014 (Exhibit "B") speaks for itself.

15. The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein. Further answering, the e-mail referred to dated December 30, 2014 (Exhibit "C") speaks for itself.

16. The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17. The allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein and/or are conclusions of law requiring no other answer.

18. The allegations contained in Paragraph 18 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

19. The allegations contained in Paragraph 19 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

20. The allegations contained in Paragraph 20 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

21. The allegations contained in Paragraph 21 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

22. The allegations contained in Paragraph 22 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 require no answer, however, to the extent an answer is required, Nature's Way avers that it will respond as appropriate during discovery.

25. The allegations contained in Paragraph 25 are conclusions of law requiring no answer, however, to the extent an answer is required, Nature's Way denies same.

26. The allegations contained in Paragraph 26 are denied, and to the extent that it contains conclusions of law, no answer is otherwise required.

27. The allegations contained in Paragraph 27 require no answer at this time.

AND NOW, further answering, Nature's Way avers as follows:

28. The cross-claim fails to state a claim or cause of action upon which relief may be granted.

29. Nature's Way alternatively pleads defenses of negligence of Third Coast, unseaworthiness of barges, waiver, estoppel, failure of consideration, impossibility of performance and force majeure.

WHEREFORE, after due proceedings, Nature's Way again prays for judgment in its favor on all aspects of its cross-claim against Third Coast, and further prays that Third Coast's cross-claim against it be dismissed, and for such other relief as is just and appropriate.

Respectfully submitted this 28th day of June 2016.

NATURE'S WAY MARINE, LLC and
ENVIRONMENTAL POLLUTION GROUP, LLC

By Their Attorneys,
Jones Walker LLP

By: /s/ Neville H. Boschert
      Neville H. Boschert

Neville H. Boschert (MSB No. 3697)
JONES WALKER LLP
190 E. Capital Street (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone:  (601) 949-4900
Facsimile:  (601) 949-4804
nboschert@joneswalker.com

Stanley A. Millan (*pro hac vice*)
Jefferson R. Tillery (*pro hac vice*)
Marc C. Hebert (*pro hac vice*)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, LA  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8583
smillan@joneswalker.com
jtillery@joneswalker.com
mhebert@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing pleading upon counsel of record by filing in this Court's CM/ECF system.

This 28th day of June 2016.

              */s/ Neville H. Boschert*
              Neville H. Boschert