# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA                                                     PLAINTIFF

V.                                                 CAUSE NO. 3:16-CV-34-CWR-FKB

THIRD COAST TOWING, LLC, ET AL.                                   DEFENDANTS

## ORDER

Before the Court is the government's motion to dismiss Nature's Way Marine and Environmental Pollution Group's counterclaim. The matter is fully briefed and ready for review.

In their counterclaim, these defendants allege that the United States government's National Pollution Funds Center erred when it denied their request for reimbursement of oil spill cleanup expenses. Among other remedies available under the Administrative Procedures Act (APA), these defendants sought discovery and a trial de novo. The government's motion to dismiss now argues that those particular remedies are unavailable under the APA.

In a challenge brought pursuant to the APA, this Court may overturn an agency ruling only in limited circumstances; judicial review is "highly deferential." *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 754 (5th Cir. 2011); *see also Texas Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 774-75 (5th Cir. 2010). The usual articulation of the standard asks whether the agency ruling was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). But an agency ruling may also be set aside if it is "unwarranted by the facts *to the extent* that the facts are subject to trial de novo by the reviewing court." *Id.* § 706(2)(F) (emphasis added).

In APA cases the Court's review is also typically limited to the administrative record. Supplementation "is not allowed unless the moving party demonstrates unusual circumstances

justifying a departure from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quotation marks and citation omitted).

Here, these defendants have neither shown that any facts are subject to trial de novo nor demonstrated unusual circumstances warranting supplementation of the record. The briefing simply does not reveal that this dispute is so extraordinary as to require discovery. These defendants' primary case proffered in support of discovery is an ERISA case, not an APA authority, so it will not suffice to overcome their high burden, while their bare assertion of agency bias is similarly unsupported. And although these defendants remain entitled to de novo review of the agency's legal conclusions, that is not the same thing as trial de novo. *See Buffalo Marine*, 663 F.3d at 753.

Accordingly, the motion is granted, and the APA counterclaim asserted by these defendants is not subject to discovery or trial de novo. Any remaining issues of relief are reserved for summary judgment.[1]

**SO ORDERED**, this the 5th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] These defendants' motion for leave to file a sur-reply is granted.