IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                                                CAUSE NO. 3:16-CV-34-CWR-FKB

THIRD COAST TOWING, LLC, ET AL.                                                   DEFENDANTS

**ORDER**

Defendants Nature's Way Marine, LLC and Environmental Pollution Group, LLC move to transfer this case to the United States District Court for the Eastern District of Louisiana. Docket No. 39. For the reasons that follow, the motion will be denied.

**I.      Factual and Procedural History**

Early in the morning of January 27, 2013, a tugboat operated by Nature's Way was pushing barges loaded with crude oil down the Mississippi River. As it maneuvered near Vicksburg, Mississippi, one of the barges struck a bridge. More than 7,100 gallons of crude oil spilled into the water. The river had to be closed for several days of cleanup.

In September 2013, barge owner Third Coast Towing sued Nature's Way in the United States District Court for the Eastern District of Texas, alleging breach of a maritime contract and maritime tort. That case was transferred to the United States District Court for the Southern District of Alabama pursuant to a forum selection clause. It settled in late 2014.

In May 2015, Nature's Way filed a lawsuit in the United States District Court for the Eastern District of Louisiana against National Union Fire Insurance Company and one of National Union's executives. Nature's Way alleged that those defendants were liable for bad faith denial of insurance benefits. Later that year, Nature's Way and its underwriters filed a declaratory action in the same court attempting to compel other underwriters to cover certain

spill-related losses. The two Louisiana cases were subsequently consolidated. That case remains pending today.

In January 2016, the United States filed the present action. It alleged that Nature's Way, Third Coast, and Great American Insurance Company were liable under the Clean Water Act and the Oil Pollution Act of 1990 for oil spill removal costs and civil penalties. Nature's Way and Environmental Pollution Group (an insurer for Nature's Way) counterclaimed against the United States under the Administrative Procedures Act, arguing that the federal government had improperly assessed the cleanup costs.

The United States moved to dismiss those portions of the counterclaims requesting discovery and trial *de novo*. This Court agreed. It issued an Order finding those remedies to be unavailable in this case. Docket No. 37.

Within a month of that ruling—and eight months after Nature's Way was originally served with this lawsuit—Nature's Way and Environmental Pollution Group filed the present motion to transfer this case to the Eastern District of Louisiana. They contend that transfer is warranted under the first to file rule.[1] The United States opposes transfer.

**II.    Law**

The Supreme Court observed many years ago that "the initiation of litigation by different parties to many-sided transactions[] has created complicated problems for coordinate courts." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (citation omitted). "Wise judicial administration, giving regard to conservation of judicial resources and

---

[1] In their pleadings, the movants agreed that venue in this Court was correct. That concession waived their right to file a Rule 12 motion on the basis of improper venue. The parties, however, have not addressed whether an admission of proper venue serves as a Rule 12(h) waiver of a motion to transfer under the first to file rule. Rule 12(h) would not apply if the first to file rule is effectuated via 28 U.S.C. § 1404(a), *see* Wright et al., 14D Fed. Prac. & Proc. § 3829 (4th ed. updated April 2016), but courts disagree about whether § 1404(a) is involved in the first to file rule, *see David v. Signal Int'l, LLC*, No. 08-1220, 2015 WL 3603944, at *1 (E.D. La. June 4, 2015).

comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems," it continued. *Id.* "The factors relevant to wise administration here are equitable in nature." *Id.*

Decades of wise judicial administration have resulted in the "first to file" rule. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Under the rule, "a district court may dismiss [or transfer] an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 & n.1 (5th Cir. 1985).

The reasoning behind the rule is simple:

> the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

*Save Power*, 121 F.3d at 950 (citations omitted).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). "In deciding if a substantial overlap exists," the Fifth Circuit "has looked at factors such as whether the core issue . . . was the same or if much of the proof adduced . . . would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quotation marks and citations omitted).

In *West Gulf*, for example, the Fifth Circuit applied the first to file rule and found transfer appropriate when "the core issue in the New York action was the same as the core issue in the Texas action." *West Gulf*, 751 F.2d at 730. It was obvious that "two courts of equal authority

3

should not hear the same case simultaneously." *Id.* at 729 (quotation marks and citations omitted). Similarly, in *Sutter Corporation v. P&P Industries*, the same court found transfer warranted where lawsuits pending in different states "all present identical issues." 125 F.3d 914, 920 (5th Cir. 1997).

Notwithstanding these examples, the first to file rule can be applied even when "neither the issues nor the parties" are identical. *Save Power*, 121 F.3d at 950 (citations omitted). "The crucial inquiry" is whether the two suits "overlap on the substantive issues." *Id.*

## III. Discussion

On review, the undersigned is not persuaded that this case is likely to substantially overlap with the Louisiana proceeding.

The Louisiana case is a classic insurance dispute. A motion to continue just filed in that case by Nature's Way outlines the character and posture of the dispute. In the lead action, the parties are engaged in extensive discovery into the claims handling process undertaken by National Union on behalf of its insured, Nature's Way. *See Nature's Way Marine, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 15-1743, Docket No. 33-1 (Nov. 22, 2016). That presently involves the review of 5,600 pages of records for privilege issues. *Id.* It will then require, the motion suggests, additional electronic and paper production and review; depositions of insurance attorneys in Alabama, Mississippi, Louisiana, New York, and Texas; and expert report preparation.[2] *Id.* The motion does not delve into the status of the member action, but that complaint also reveals it to be a prototypical insurance dispute between two sets of underwriters. The government is not a party to either component of the Louisiana case.

---

[2] Curiously absent from the motion to continue is any mention of this case. If there was indeed a substantial overlap, one would have expected Nature's Way to disclose that to the Louisiana court and explain the importance of awaiting this Court's ruling, a transfer, motion practice on reassignment or consolidation, and the resetting of the discovery period for the United States' participation.

Our case is different. Here, the government has brought environmental claims seeking penalties under the Clean Water Act and Oil Pollution Act, while the movants' counterclaims challenge the government's administrative determination of cleanup costs. In neither the claims nor the counterclaims are there bad faith, claim handling, coverage, or other insurance disputes to be litigated. The resolution of how much the government is owed has no overlap with how private insurance policies are construed and whether those policies may cover those claims. As the government puts it, "[t]he source of Nature's Way's insurance coverage for its liabilities has no impact on the United States' right to recover." Docket No. 44, at 10.

To be sure, both the Louisiana case and this action arose out of the same oil spill. And Nature's Way is involved in both lawsuits—a wholly unsurprising fact since its tugboat caused the spill. The core issues between the suits are not the same, though, and the evidence to be introduced in each is largely different.[3] Transfer pursuant to the first to file rule is therefore not warranted. *See Sweet Little Mexico*, 665 F.3d at 678 (affirming denial of transfer under first to file rule where administrative action and insurance action proceeded in different fora).

The movants' rebuttal muddies the water by asserting that there are insurance coverage issues lurking in the cross-claims in this case. The argument cannot be taken up because it was first raised in a reply brief. *See McWilliams v. Advanced Recovery Sys., Inc.*, 108 F. Supp. 3d 456, 462 n.2 (S.D. Miss. 2015). Even if the argument could be considered on the merits, the movants have not explained with any particularity how indemnity disputes in the cross-claims of

---

[3] The movants wrap their arms around a decision of this Court wherein it determined that transfer was appropriate. *See Mississippi Higher Educ. Assistance Corp. v. Pennsylvania Higher Educ. Assistance Agency*, No. 3:11-CV-513-CWR-FKB, 2012 WL 2608808, at *1 (S.D. Miss. July 5, 2012). At the heart of that case was the parties' dispute over a contract. The plaintiff filed a lawsuit in the United States District Court for the Middle District of Pennsylvania and "[o]n the heels of that lawsuit and possibly in response to it," the defendant filed a lawsuit in this Court where the core issue concerned the same contract. *Id.* at *2. There was substantial overlap because both suits involved the interpretation of the same contract and the parties' conduct under the contract. *Id.*

this action might spill over into the bad faith and coverage disputes in the Louisiana case. There again a likelihood of substantial overlap has not been shown.

**IV.     Conclusion**

The motion is denied. The parties shall proceed to a Case Management Conference without further delay.

**SO ORDERED**, this the 5th day of December, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
