UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

THIRD COAST TOWING, LLC, ET AL.

    Defendants

Case No. 3:16-cv-34-CWR-FKB

## STIPULATIONS CONCERNING CLEAN WATER ACT

The Clean Water Act, 33 U.S.C. § 1321(b)(8), outlines multiple factors for the Court to consider in assessing a civil penalty, including the seriousness of the violation; the degree of culpability involved; any other penalty for the same incident; any history of prior violations; the nature, extent, and degree of success of any efforts of the violator to minimize or mitigate the effects of the discharge; the economic impact of the penalty on the violator; and any other matters as justice requires.

In order to narrow issues for discovery and trial, the parties have agreed to stipulate as follows regarding the evidence to be presented at trial. These stipulations pertain to the United States' claim for Clean Water Act penalties only.

As a result of the allision involving the Nature's Way ENDEAVOR and MOC 12 and MOC 15 on January 27, 2013, there was a discharge of oil.

1. The discharge of oil on January 27, 2013 was into the Mississippi River, a water of the United States.

2. MOC 12 discharged 7,100 gallons or 169 barrels of oil into the Mississippi River.

3. The quantities of oil spilled were sufficient to cause discoloration of the surface of the water or adjoining shorelines.

4. On January 27, 2013, at the time of the allision, Pilot Yancy Guidry, an employee of Nature's Way Marine, LLC, was controlling navigation for the ENDEAVOR and MOC 12 and MOC 15.

With respect to the penalty factors, the parties agree to the following stipulations:

5. The "seriousness" of the violation, within the meaning of 33 U.S.C. § 1321(b)(8) includes, inter alia, consideration of environmental harm from the discharge of oil.

6. With respect to "economic impact on the penalty on the violator," the parties agree not to argue that this factor should result in either an increase or decrease to the Court's penalty calculation. Neither party will serve any discovery related to economic impact on the violator or present evidence at trial relevant to this penalty factor.

With respect to "penalty for the same incident," the parties stipulate as follows:

7. There have been no civil or criminal penalties paid for this incident.

With respect to "the degree of culpability involved," the parties stipulate as follows:

8. Negligence by Nature's Way Marine, LLC caused the allision on January 27, 2013.

In light of this stipulation, the Parties shall not serve any discovery related to culpability, including negligence or gross negligence of Third Coast Towing, and no evidence will be

presented regarding negligence or gross negligence of Third Coast Towing will be presented at trial.

    SO ORDERED this _____ day of _____, 2018,

                                                  _____
                                                  HONORABLE KEITH F. BALL
                                                  United States Magistrate Judge

FOR THE UNITED STATES OF AMERICA:

Dated: May 10, 2018

*Elise S. Feldman*

ELISE S. FELDMAN
RACHEL HANKEY
Environmental Enforcement Section
Environment and Natural Resources Div.
United States Department of Justice
301 Howard Street, Ste 1050
San Francisco, CA 94105
Telephone:   (415) 744-6470
Email:   elise.feldman@usdoj.gov

FOR THIRD COAST TOWING, LLC:

Date: May 7, 2018

_____
KEVIN J. LAVIE
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
Tel: 504-584-9211
Kevin.lavie@phelps.com